United States District Court
For The Eastern District Of Michigan
Southern Division

United States of America,
                    Respondent,

vs.

James Devon King,
                    Petitioner.

Case No. 05-50082
Notice Of Motion; Motion For Reduction
Of Sentence Pursuant To 18 U.S.C. § 3582(c)
And The First Step Act 2018

Motion For Reduction of Sentence
Pursuant To First Step Act 2018

Please Take Notice James Devon King, pro-se, hereby Respectfully moves This Court To "grant" King's Petition For Relief Under First Step Act of 2018, An Act To Restore Fairness To Federal Cocaine sentencing.

"King possess 50 grams of Cocaine base And received 360 months. If sentence Today his sentence would be lighter As Oppose To 16 years ago.

-1-

## Jurisdiction

This Court has Original Jurisdiction To Title 18, United States Code, Section 3231.

The Court May Review the Underlying Sentence Under Title 18, United States Code Section 3742.

R. King was indicted by Grand Jury For 50 grams of Cocaine base. Petitioner had a prior conviction which Enhanced his Sentence.

1. Petitioner Sentenced under 851 Statue, And was Sentence under Guideline U.S.S.G. § 4B1.1

2. Petitioner has not received Any benefits From Amendments, 706, 750, Nor All Drugs Minus Two, Nor 782, Fair Sentencing Act 2010, Nor First Step Act of 2018.

3. The Federal Bureau of Prisons calculates King's current Release To be 5-20-2032.
30 YRS

## Legal Analysis

The First Step Act, S. 756, was enacted Dec 21, 2018. Section 404 of the Act permits this Court, upon Motion of Petitioner or the Government, or upon its own Motion, to impose a reduced sentence on certain offenses in accordance with the Fair Sentencing Act of 2010, if no such reduction was previously granted. It reads:

### SEC. 404 Application of Fair Sentencing Act

(a) Definition of covered offense — In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before Aug 3, 2010.

The Court or Bureau of Prisons, or Government may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

-3-

First Step Act, S. 756, 115th Cong. § 404 (2018)

  Section 2 of the Fair Sentencing Act of 2010 reduced the penalties for offenses involving cocaine base by increasing the threshold quantities required mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat 2372 (2010). After the statute's enactment, a violation of 21 U.S.C. § 841(a)(1) must involve at least 28 grams of cocaine base, rather than 5 grams, to trigger the 5 to 40 year penalty range of 21 U.S.C. § 841(b)(1)(B).

  This Court should utilize the same procedures it has historically employed when retroactive guideline reductions are implemented.

  Under normal circumstances, 18 U.S.C. § 3582(c) prohibits modifications to sentences once imposed, unless an enumerated exception exists. Once statute expressly permits modification of a previously-imposed sentence, as the Fair Step Act does. 18 U.S.C. § 3582(c)(1)(B) ("The Court may modify an imposed term of imprisonment to the extent otherwise expressly by statute").

  There is little case law addressing appropriate procedures when considering a modification of sentence "expressly permitted by statute" under § 3582(c)(1)(B). There may be case laws addressing modification allowed by Rule 35 of the Federal Rules of Criminal Procedure, also permitted under § 3582(c)(1)(B), and modifications arising from retroactive guideline amendments, permitted by § 3582(c)(2).

In short, the Court should recalculate the advisory guideline range under current law and pursuant to the now-operative version of the United States Sentencing Guidelines, assess the Section 3553(a) factors based on the facts in the record, and issue a new sentence, without conducting a full resentencing hearing.

In this instance, King is eligible for a reduction and the Court should consider the applicable sentencing factors of 18 U.S.C. § 3553(a) determine whether, and to what extent, a reduction may be warranted.

After a lengthy term of imprisonment, Petitioner no longer poses a danger to the public before he is release from the jurisdiction of the Court.

I declare and verifies and states under penalty of perjury that the facts stated in the foregoing motion is true and correct to best of my knowledge and belief.

Executed on June-22-2020, pursuant to 28 U.S.C. § 1746.

*James King*
JAMES DEVON KING

### Relief Sought

Petitioner requests this Court to grant his Motion For Reduction of sentence and consider 3553(a) Factors and his Rehabilitation Efforts since incarceration.

For these Reasons King Respectfully requests this Court Modify King's Sentence, in light of First Step Act of 2018 And 18 U.S.C. § 3582(c)(1)(B), To a Sentence of time-served.

Respectfully Submitted

*James King*
JAMES DEVON KING

Mr. King Request The Court To Appoint Adequate Representation under § 3006 A.

-6-

